**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**JAMES B. MITCHELL**                                                                                        **PLAINTIFF**

**v.**                                          **Case No. 5:14-CV-05075**

**ERWIN LEE DAVIS and
JIMM LARRY HENDREN**                                                                            **DEFENDANTS**

**OPINION AND ORDER**

Before the Court are Separate Defendant Judge Jimm Larry Hendren's Motion to Dismiss the First Amended Complaint against him (Doc. 16) (hereafter "Complaint") and Plaintiff James B. Mitchell's Response (Doc. 19); Judge Hendren's Motion to Strike Plaintiff's Second Request for Discovery (Doc. 6); and Mitchell's Motion to Remand (Doc. 18), Judge Hendren's Response (Doc. 20), and Mitchell's Reply (Doc. 21).

Mitchell filed this suit against the Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas, and his former attorney, Erwin Lee Davis.  For the reasons stated herein, the Motion to Dismiss (Doc. 16) is **GRANTED** and Judge Hendren is dismissed with prejudice.  Upon Judge Hendren's dismissal this Court will lack subject matter jurisdiction, and therefore any and all remaining claims will be **REMANDED** to State Court.  Considering these rulings, Judge Hendren's Motion to Strike Plaintiff's Second Request for Discovery (Doc. 6) and Mitchell's separate Motion to Remand (Doc. 18) are deemed **MOOT,** and therefore **DENIED.**

### *I. Factual Background*

This lawsuit arises out of Plaintiff James B. Mitchell's claims against his former criminal defense attorney, Erwin Davis, and against the judge who presided over Mitchell's criminal case, the Honorable Jimm Larry Hendren.  See Case No. 5:10-CR-50067-001. Davis represented Mitchell through his arraignment.  Subsequently, Davis sought and was granted leave to withdraw from the representation, and new counsel entered an appearance.  Davis was not involved in Mitchell's decision to plead guilty to charges of conspiracy to promote prostitution and money laundering, and did not represent Mitchell during the sentencing hearing that took place on June 6, 2011, in which Mitchell was committed to a term of imprisonment of 126 months.

Shortly after Mitchell was sentenced, he filed a § 2255 Petition requesting that the Court vacate his sentence.  While that Petition was pending, Mitchell, acting *pro se*, filed a civil complaint against Davis in the Circuit Court of Washington County, Arkansas, on October 9, 2013, alleging various claims of misconduct related to Davis's representation of him in the criminal proceeding. Then, on January 17, 2014, Mitchell amended his state-court complaint to add Judge Hendren as a defendant.

In a letter to Judge Hendren dated January 28, 2014, Mitchell revealed that his true motivation for adding him as a defendant in the state-court case was to coerce him into ruling favorably on Mitchell's § 2255 Petition.  The letter read, "If you wish to avoid answering the complaint and or answering my discovery requests, **quit delaying ruling on my § 2255 petition you're still presiding over** (filed in June of 2012)**, and grant the relief we all know I am long overdue for,** and I would be amenable to dismissing you

2

from this lawsuit?" (Doc. 18-1, p. 2) (emphasis in original). On February 28, 2014, Mitchell's state court action was removed to this Court.[1]

The claim made against Judge Hendren relates to Davis's initial representation of Mitchell in his criminal case. Mitchell contends that Judge Hendren violated his right to assistance of counsel by allegedly conducting an *ex parte* telephone conversation with Davis out of Mitchell's presence and without Mitchell's knowledge. Mitchell asserts that during that conversation, Judge Hendren improperly gave legal advice to Davis causing him to withdraw as counsel because of an apparent conflict of interest. Further, Mitchell complains that Judge Hendren violated his rights in not conducting a "disqualification/ waiver" hearing to provide Mitchell the opportunity to waive any alleged conflict of interest between he and Davis.

Judge Hendren maintains that any allegation that he spoke to Davis "*ex parte*" or failed to hold a hearing prior to Davis's withdrawal are judicial acts entitled to immunity from suit. He also contends that Mitchell's lawsuit should be dismissed as frivolous, as it was brought for the purpose of harassment and in an attempt to influence a favorable ruling on an unrelated petition.

### *II. Legal Standard*

In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential*

---

[1] Mitchell wrote a follow-up letter to Judge Hendren the same date this matter was removed, again offering to dismiss Judge Hendren from the instant lawsuit "with prejudice," provided that his § 2255 Petition were granted. (Doc. 11, p. 58).

*Funding Corp.,* 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley–Patterson v. Trinity Lutheran Hosp.,* 388 F.3d 588, 590 (8th Cir.2004). A complaint need only contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *Id.* (quoting Fed. R. Civ. P. 8(a)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted). Stated differently, the plaintiff must "raise a right to relief above a speculative level." *Schaaf,* 517 F.3d at 549. The Court will liberally construe a *pro se* plaintiff's complaint; however, the plaintiff must allege sufficient facts to support his or her claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir.2004).

### III. Discussion

Separate Defendant Judge Hendren argues that he is entitled to dismissal from the present suit because the claim made against him is barred by judicial immunity. In addition, Judge Hendren asserts that the Complaint is frivolous and brought in an effort to harass. Mitchell contends that an alleged *ex parte* communication between Judge Hendren and Davis[2], constituted "legal advice" by Judge Hendren. Mitchell argues that the "legal advice" was given in Judge Hendren's individual capacity and was not a "judicial act," and therefore Judge Hendren is not protected by judicial immunity. (Doc. 19 at p. 4).

---

[2] In his Response Mitchell states that he doesn't know whether any such conversation actually occurred. (Doc. 19 at p. 1-3).

4

Judges are immune "from suit, not just from the ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991)(internal citation omitted). The scope of a judge's jurisdiction is broadly construed when relating to judicial immunity. *Stump v. Sparkman,* 435 U.S. 349, 356 (1978). Even if judges act in error, with malice, or outside of their authority, they are subject to liability only when acting in the clear absence of all jurisdiction. *Id.*

Judicial immunity is overcome in only two circumstances. First, a judge is not immune from liability for nonjudicial actions, which are actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11 (internal citations omitted). The "informal and *ex parte* nature of a proceeding has not been thought to imply that an act otherwise within a judge's lawful jurisdiction was deprived of its judicial character." *Forrester v. White*, 484 U.S. 219, 227 (1988) (internal citation omitted). Second, judges are not immune for actions, though judicial in nature, taken in the complete absence of jurisdiction. *Mireles*, 502 U.S. at 12. A clear absence of jurisdiction exists when "a court of limited jurisdiction attempts to adjudicate a case outside of its jurisdiction, such as when a probate court conducts a criminal trial." *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462-63 (8th Cir. 1994)(citing *Mann v. Conlin,* 22 F.3d 100, 104 (6th Cir. 1994) (internal quotation omitted)), *cert. denied,* 513 U.S. 870 (1994).

Applying the Rule 12(b)(6) legal standard, and thus accepting the allegations as true, Mitchell does not state facts which bring his Complaint within either of these two narrow exceptions. Contrary to Mitchell's argument, discerning and communicating with an attorney about a potential conflict of interest is an important and sometimes essential

5

judicial function. More to the point, a judge's conversation with an attorney is not rendered "non-judicial" merely because it was an "*ex parte*" communication.[3] *Forrester*, 484 U.S. at 227.

Mitchell wrongly conflates the alleged "non-judicial" communication and Judge Hendren's subsequent granting of Davis' Motion to Withdraw without a "disqualification/ waiver hearing" as constituting the denial of Mitchell's Sixth Amendment right to counsel. Mitchell's *non-sequitur* argument fails, because, as alleged in the Complaint, Mitchell was aware of and agreed to alternate counsel arranged by Davis, and he *was*—in fact—represented by counsel at all times during the course of his criminal case.[4]

Mitchell's assertion that Judge Hendren should have had a hearing on Davis' Motion is likewise without merit and does not establish an exception to judicial immunity. The Government did not move to disqualify Davis. Rather, after learning of the Government's intentions, Davis voluntarily filed a Motion to Withdraw—but only after first consulting Mitchell and making arrangements for alternate counsel to represent him. Davis' Motion to Withdraw was predicated on his own personal and/or ethical conflict.[5] The Government did not object to the Motion. Even though Davis was Mitchell's preferred counsel, Mitchell

---

[3] Mitchell has also misconstrued the term *"ex parte."* *Ex parte* communications are between the judge and one party to a case, usually without notice to or argument from the adverse party. BLACK'S LAW DICTIONARY (9th ed. 2009). Because Davis represented Mitchell, it was not an *ex parte* communication. Here, only the Government had standing to object to any alleged *ex parte* communication between Davis and Judge Hendren.

[4] First Amended Complaint (Doc. 3) at paragraphs 20-26.

[5] Mitchell alleges that Davis had previously represented and/or patronized one of the "escorts" that the Government intended to call as a trial witness against Mitchell. Complaint (Doc. 3) at paragraphs 10, 15-17.

6

nevertheless agreed to be represented by alternate counsel—who was paid from Davis' original retainer proceeds. Under such circumstances, a hearing on the Motion to Withdraw was not necessary, much less required. More to the point, a decision on whether to hold a hearing is a judicial function.

For these reasons, the Court finds that the actions alleged against Judge Hendren—even if true—were judicial in nature, performed in an official capacity, and possessed of proper jurisdiction. Mitchell has failed to state any valid cause of action against Judge Hendren whatsoever, much less facts constituting an exception to judicial immunity from suit. Accordingly, the Court finds that the Complaint against Judge Hendren should be dismissed with prejudice.

The Court further finds that Mitchell initiated this suit for an improper purpose—to bribe and/or coerce Judge Hendren to favorably rule on Mitchell's pending § 2255 Petition. Therefore, even if Judge Hendren were not immune from suit, the Court would dismiss the Complaint against him with prejudice pursuant to Federal Rule of Civil Procedure 11, because the allegations are frivolous and filed for the sole purpose of harassment.

Finally, the Court finds that—upon Judge Hendren's dismissal—its subject-matter jurisdiction over this removed action will no longer exist. Therefore, the Court will remand the remaining state-law claims against Davis.

As a consequence of these rulings, the Court need not consider the merits of Judge Hendren's Motion to Strike Plaintiff's Second Request for Discovery (Doc. 6); nor Mitchell's Motion to Remand (Doc. 18), and instead finds that the same should be **DENIED** as **MOOT**.

### *IV. Conclusion*

**IT IS THEREFORE ORDERED** that Judge Jimm Larry Hendren's Motion to Dismiss (Doc. 16) is **GRANTED,** and Judge Hendren is hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the remaining claims and causes action against separate Defendant Erwin Lee Davis are hereby **REMANDED** to the Circuit Court of Washington County, Arkansas.

**IT IS FURTHER ORDERED** that Judge Hendren's Motion to Strike Plaintiff's Second Request for Discovery (Doc. 6) and Mitchell's Motion to Remand (Doc. 18) are deemed **MOOT**, and therefore **DENIED**.

**IT IS SO ORDERED** this 30th day of June, 2014.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE